

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,364-01

### EX PARTE NICHOLAS ROYAL PORTER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18049A IN THE 21ST DISTRICT COURT
### FROM WASHINGTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to murder and was sentenced to imprisonment for life. He did not appeal his conviction.

Applicant contends that trial counsel rendered his plea involuntary by advising him that the trial court could place him on deferred adjudication probation and by not advising him that, had he pleaded not guilty and gone to trial, he could have raised sudden passion at punishment. In a supplemental ground, Applicant contends that trial counsel told him that if he waited much longer to decide whether to plead guilty to murder, he might be charged with capital murder because he

murdered the deceased in a narcotics transaction.

We remanded this application and directed the trial court to order counsel to respond to Applicant's original grounds. We also directed the trial court to make findings of fact and conclusions of law and determine whether counsel rendered Applicant's plea involuntary. On remand, counsel responded in a sworn affidavit to Applicant's original grounds and the trial court made findings of fact and concluded that counsel was not deficient and Applicant was not prejudiced.

We believe that the record should be further developed. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing.

Applicant appears to be represented by counsel. If he is not, is indigent, and wants to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After holding the evidentiary hearing, the trial court shall determine (1) whether counsel advised Applicant that the trial court could place him on deferred adjudication probation and that he could be charged with capital murder because he murdered the deceased in a narcotics transaction; (2) whether counsel's conduct was deficient; and (3) whether, but for counsel's alleged deficient conduct, Applicant has shown that there is a reasonable probability that he would not have pleaded

guilty but instead insisted on a trial.[1] The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: September 11, 2019
Do not publish

---

[1] In its findings of fact and conclusions of law, the trial court found that, even if counsel failed to properly advise Applicant that he was not eligible for deferred adjudication probation, the outcome would not have been different because Applicant would not have been placed on deferred adjudication probation given the overwhelming evidence presented by the State. Because Applicant pleaded guilty, he has the burden of showing that but for counsel's alleged deficient conduct he would not have pleaded guilty but instead insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018).